UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES PORATH,

    Plaintiff,     **CASE NO.**

v.

OFFICE DEPOT, INC.,

    Defendant.
_____/

**PLAINTIFF'S MOTION (1) TO COMPEL PRODUCTION OF DOCUMENTS BY THIRD PARTY OFFICE DEPOT, INC., AND (2) TO TRANSFER MOTION TO NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO FED. R. CIV. P. 45(f)**

**INTRODUCTION**

In May 2018, Plaintiff James Porath filed a proposed class action lawsuit against Logitech, Inc. *See* Exhibit 1 (Proposed Class Action Complaint). Filed in the Northern District of California, the case alleged that Logitech falsely advertised the number of "drivers" in a popular set of computer speakers. *Id*. The District Court ultimately denied Plaintiff's motion for class certification in November 2019, finding the proposed class representative to be inadequate.

After the undersigned Plaintiff's counsel notified the District Court that they would not be proposing a new class representative, the Court ordered that Plaintiff's counsel "submit a proposed notice to absent class members of the demise of this class action, as well as a plan of distribution." See Fed. R. Civ. P. 23(d); *See* Exhibit 2 ("Amended Case Management Scheduling Order"). Because Logitech does not possess contact information for members of the putative class, Plaintiff's counsel proposed a notice plan centered on issuing subpoenas requesting document production to nine (9) major retailers of the at-issue Logitech speakers, including Amazon, Best Buy, Office Depot/Office Max, Staples, CDW, Dell Computer, Newegg, Micro Center, and Fry's

1

Home Electronics. *See* Exhibit 3 (Plaintiff's Proposal Regarding Notice to Absent Class Members").

The Court approved Plaintiff's proposed notice and plan of distribution and ordered Plaintiff to "promptly notify the Court of any delay in response to the subpoenas." *See* Exhibit 4 ("Order Regarding Class Notice"). Plaintiff's counsel issued subpoenas to each of the nine (9) retailers in January 2020. *See* Exhibit 5 (Plaintiff's Status Report); *see also* Exhibit 6 (Subpoena to Office Depot). Seven (7) of the retailers timely produced documents. Id. Two did not: (1) Office Depot, Inc., and (2) Amazon. Office Depot, for its part, served formal written objections on February 7, 2020. *See* Exhibit 7 (Office Depot's Objections).

Through this enforcement proceeding, the undersigned Plaintiff's counsel seeks to compel Office Depot to produce documents sufficient to allow the undersigned Plaintiff's counsel to comply with the Orders of the District Court in the Northern District of California. Specifically, this proceeding seeks to compel Office Depot to produce documents sufficient to identify the email addresses of purchasers of the at-issue Logitech speakers, such that those absent class members can be provided the same notice—by the court-approved third-party administrator—that has now been received by other putative class members.

Moreover, because the District Court in the Northern District of California has entered an Order approving of the substance of the subpoena to Office Depot and in fact requiring the undersigned Plaintiff's counsel to promptly notify that Court of any delay in response to it, this enforcement proceeding should be transferred to the Northern District of California—the Court that has been overseeing the underlying litigation for nearly two years. The 2013 Advisory Committee Notes to Federal Rule of Civil Procedure 45(f) provide that transfer to the issuing court

is appropriate "in order to avoid disrupting the issuing Court's management of the underlying litigation." This motion presents a textbook case for transfer along those lines.

The Court should transfer this proceeding to the Northern District of California. Alternatively, the Court should enter an Order compelling Office Depot to comply immediately with the subpoena attached hereto as Exhibit 6.

## ARGUMENT

### A.     Legal Standards

A discovery dispute may be transferred from the district where compliance is required if "exceptional circumstances" justify the transfer. Fed. R. Civ. P. 45(f). One such set of "exceptional circumstances" is where transfer is necessary "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." *Exist, Inc. v. Shoreline Wear, Inc.*, No. 15-61917-MC, 2015 WL 13694080, at *2 (S.D. Fla. Oct. 16, 2015) (quoting Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013)).

Once a nonparty objects to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The scope of discovery a party may obtain through a subpoena is the same as that applicable under Federal Rule of Civil Procedure 26(b). *Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). That means a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

### B. The Court Should Transfer This Proceeding to The Northern District of California.

Rule 45(f) provides for transfer of a subpoena enforcement proceeding, to the district where the subpoena was issued, where "exceptional circumstances" are found. As the 2013 advisory committee notes highlight, one such exceptional circumstance is where transfer is necessary "in order to avoid disrupting the issuing Court's management of the underlying litigation." That is exactly the case here.

The issuing Court has ordered, and continues to oversee, a notice program to absent class members in a putative class action. *See* Exhibits 2-5. To be timely completed, that notice program requires Office Depot to promptly comply with the subpoena attached hereto as Exhibit 6. *Id*. Consequently, this action should be promptly transferred to the Northern District of California. Transfer will allow the District Court that has been overseeing the underlying litigation for nearly two years, and that has ordered the notice program necessitating Office Depot's compliance, to adjudicate the merits of Office Depot's objections.

While it's true that the prime concern for the Court in adjudicating a motion to transfer pursuant to Rule 45(f) "should be avoiding burdens on local nonparties subject to subpoenas," *see* Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013), any potential burden to Office Depot is outweighed here by the benefits of transfer. Office Depot is a national corporation with annual revenues in excess of ten billion dollars. With regard to this specific subpoena, it has already retained California-based outside counsel from Wilson Elser Moskowitz, a law firm with more than 800 attorneys and an office in San Francisco located less than two miles from the courthouse Plaintiff seeks transfer to (the San Francisco Courthouse for the United States District Court for the Northern District of California). In other words, this enforcement proceeding will be no more burdensome to Office Depot in San Francisco than it would be in Florida.

Furthermore, efficiency and judicial economy would best be served by transferring this case to the Northern District of California. *See Southern The Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037, 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016) (efficiency and judicial economy relevant considerations). The District Court in the Northern District of California knows the underlying litigation extremely well, given the last two years of litigation, and is uniquely well-positioned to adjudicate whether Office Depot should be compelled to comply with the subpoena. Given that, transfer to the Northern District of California would further the interests of efficiency and judicial economy.

### C. Alternatively, The Court Should Compel Office Depot to Comply with The Subpoena.

In the alternative, the Court should compel Office Depot to comply with the subpoena. The subpoenaed information—the email addresses of putative class members in the underlying litigation—is relevant because it is necessary to effectuate the notice program the District Court in the Northern District of California ordered pursuant to Fed. R. Civ. P. 23(d). Office Depot's objections are based primarily on purported privacy concerns on behalf of its customers, but: (1) Office Depot can designate the subpoenaed information as "confidential" pursuant to the stipulated protective order entered in the underlying litigation, and (2) as Plaintiff's counsel has repeatedly made clear, subpoenaed information can be transmitted directly to the third-party claims administrator (Heffler Claims Group). In other words, neither the undersigned Plaintiff's counsel nor any other Plaintiff's attorneys need ever have access to the subpoenaed information.

Because the subpoenaed information is relevant to the underlying dispute and because none of Office Depot's objections outweigh the need for the information, the Court should—in the event that it does not order transfer this action to the Northern District of California—order Office Depot to comply with the subpoena attached hereto as Exhibit 6.

## CONCLUSION

The Court should transfer this action to the Northern District of California. In the alternative, the Court should order Office Depot to comply with the subpoena attached hereto as Exhibit 6.

DATED this 27th day of February, 2020

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-3370-666
scott@scottdowens.com

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

Attorneys for Plaintiff James Porath

*Pro hac vice application to be filed if necessary
